### No. 578
### WEISS v. U. S. FIDELITY & GUAR. CO.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4949. Decided March 24, 1924.

1123. SUBROGATION—1. Creditor can be subrogated to rights of surety who has cert in securities deposited with him.

2. Where such facts are set forth in petition a cause of action exists and a judgment on the pleadings is improper.

LEVINE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover certain securities. It was predicated upon the theory that where a surety or a person standing in the situation of a surety for the payment of a debt or the fulfillment of an obligation, who receives a security for his indemnity, the creditor is in equity entitled to the full benefit of that security. For one of the causes of action the plaintiff set up that she had entered into a certain building contract with one Atkin; that before entering into said contract the plainiff insisted that some security be given to plaintiff against loss from non-performance; that all this was explained to The Indemnity Co.; that by an express agreement and arrangement between the Indemnity Company and Atkin, he deposited certain securities with the Insurance Company and the Bonding Company in return executed its bond to plaintiff.

It was further alleged that the defendant was insolvent and that there had been a non-performance of the contract. The plaintiff then asked for defendant to account to plaintiff and to transfer these securities to her. A judgment was rendered for the defendant upon the pleadings, whereupon plaintiff prosecuted error to the Court of Appeals claiming that she was subrogated to the rights of Atkin. In reversing the judgment of the lower court, theCourt of Appeals held:

1. It was a familiar principle of equity jurisdiction that where a surety or person standing in the situation of a surety, for payment of a debt, receives a security for his indemnity, the principal creditor is, in equity, entitled to the full benefit of that security.

2. As the petition set forth that the deposit of securities with the Surety Company by Atkin was in pursuance of an agreement between Atkin and the Surety Company; that the same were to be held not only by way of indemnity furnished to the Surety Company but also by way of insuring performance by Atkin of his part of the building contract so entered into between plaintiff and Atkin, a cause of action was stated entitling the plaintiff to equitable relief.

Attorneys—James Metzenbaum, for Weiss; Stearns, Chamberlain & Royan, for Fidelity & Guaranty Co., all of Cleveland.